**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

NETCHOICE, LLC                                                          PLAINTIFF

v.                                                          No. 1:24-CV-170-HSO-BWR

LYNN FITCH, in her official capacity as
Attorney General of Mississippi                            DEFENDANT

---

**MISSISSIPPI ATTORNEY GENERAL LYNN FITCH'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO**
**PLAINTIFF'S COMPLAINT FOR DECLARATORY AND**
**INJUNCTIVE RELIEF**

---

COMES NOW Defendant Lynn Fitch, in her official capacity as Attorney General of Mississippi ("Defendant"), by and through counsel, files this her Answer and Defenses to the Complaint for Declaratory and Injunctive Relief ("Complaint") [Dkt. #1] filed against her by Plaintiff NetChoice, LLC ("Plaintiff") herein, as follows:

**FIRST DEFENSE**

Defendant alleges a lack of subject-matter jurisdiction and moves for dismissal.

**SECOND DEFENSE**

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted, and Defendant moves for dismissal.

**THIRD DEFENSE**

Plaintiff's Complaint fails to join necessary and/or indispensable parties, and Defendant moves for joinder or, alternatively, for dismissal.

## FOURTH DEFENSE

Defendant alleges a lack of standing in bar of Plaintiff's claims.

## FIFTH DEFENSE

Defendant affirmatively pleads the doctrine of sovereign immunity and the provisions and protections of the Tenth and Eleventh Amendments to the United States Constitution, as well as any and all privileges and immunities afforded thereby, in bar of Plaintiff's claims.

## SIXTH DEFENSE

AND NOW, without waiving the above and foregoing defenses, and responding to Plaintiff's Complaint paragraph by paragraph, Defendant answers and alleges as follows:

1. Defendant denies the allegations in Paragraph 1 of the Complaint.

2. Defendant denies the allegations in Paragraph 2 of the Complaint.

3. Defendant denies the allegations in Paragraph 3 of the Complaint.

4. Defendant denies the allegations in Paragraph 4 of the Complaint.

5. Defendant denies the allegations in Paragraph 5 of the Complaint.

6. Defendant denies the allegations in Paragraph 6 of the Complaint.

7. Defendant denies the allegations in Paragraph 7 of the Complaint.

8. Defendant denies the allegations in Paragraph 8 of the Complaint.

9. Defendant denies the allegations in Paragraph 9 of the Complaint.

10. Defendant lacks knowledge or information sufficient to admit or deny of the allegations in Paragraph 10, and therefore denies the same.

11.     Defendant denies the allegations in Paragraph 11 of the Complaint.

12.     Defendant denies the allegations in Paragraph 12 of the Complaint.

13.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13.

14.     Defendant denies the allegations in Paragraph 14 of the Complaint.

15.     Defendant denies the allegations in Paragraph 15 of the Complaint.

16.     Defendant admits the allegations in Paragraph 16 of the Complaint.

## JURISDICTION AND VENUE

17.     Defendant denies the allegations in Paragraph 17 of the Complaint and the State specifically denies Plaintiff meets the jurisdictional requirement of standing.

18.     Defendant denies the allegations in Paragraph 18 of the Complaint.

## BACKGROUND

19.     Paragraph 19 contains legal conclusions and caselaw to which no response is required.   Otherwise, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19.

20.     Paragraph 20 contains legal conclusions and caselaw to which no response is required.   Otherwise, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20.

21.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21.

22.     Plaintiff lacks standing to make representations on behalf of minors generally or individually, and Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22.

23.     Plaintiff lacks standing to make representations on behalf of minors and their parents generally or individually, and Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23.

24.     Plaintiff lacks standing to make representations on behalf of minors and their parents generally or individually, and Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24.

25.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25.

26.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26.

27.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27.

28.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28.

29.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29.

30. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30.

31. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31.

32. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32.

33. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33.

34. Defendant admits that Plaintiff's members' websites enable harmful conduct. Otherwise, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34.

35. Defendant admits that Plaintiff's members' websites enable harmful conduct. Otherwise, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant admits that Plaintiff's members' websites enable harmful conduct. Otherwise, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37.

## MISSISSIPPI HOUSE BILL 1126

38. Defendant admits the allegations in Paragraph 38 of the Complaint.

39.   Paragraph 39 contains legal conclusions to which no response is required.  Otherwise, Defendant denies the allegations in Paragraph 39, including Plaintiff's characterization of the Act.  The Act speaks for itself.

40.   Paragraph 40 contains legal conclusions to which no response is required.  Otherwise, Defendant denies the allegations in Paragraph 40, including Plaintiff's characterization of the Act.  The Act speaks for itself.

41.   Paragraph 41 contains legal conclusions to which no response is required.  Otherwise, Defendant denies the allegations in Paragraph 41, including Plaintiff's characterization of the Act.  The Act speaks for itself.

42.   Paragraph 42 contains legal conclusions to which no response is required.  Otherwise, Defendant denies the allegations in Paragraph 42, including Plaintiff's characterization of the Act.  The Act speaks for itself.

43.   Paragraph 43 contains legal conclusions to which no response is required.  Otherwise, Defendant denies the allegations in Paragraph 43, including Plaintiff's characterization of the Act.  The Act speaks for itself.

44.   Paragraph 44 contains legal conclusions to which no response is required.  Otherwise, Defendant denies the allegations in Paragraph 44, including Plaintiff's characterization of the Act.  The Act speaks for itself.

45.   Paragraph 45 contains legal conclusions to which no response is required.  Otherwise, Defendant denies the allegations in Paragraph 45, including Plaintiff's characterization of the Act.  The Act speaks for itself.

46. Paragraph 46 contains legal conclusions to which no response is required. Otherwise, Defendant denies the allegations in Paragraph 46, including Plaintiff's characterization of the Act. The Act speaks for itself.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Paragraph 48 contains legal conclusions to which no response is required. Otherwise, Defendant denies the allegations in Paragraph 48, including Plaintiff's characterization of the Act. The Act speaks for itself.

49. Defendant denies the allegations in Paragraph 49 of the Complaint.

50. Paragraph 50 contains legal conclusions to which no response is required. Otherwise, Defendant denies the allegations in Paragraph 50, including Plaintiff's characterization of the Act. The Act speaks for itself.

51. Paragraph 51 contains legal conclusions to which no response is required. Otherwise, Defendant denies the allegations in Paragraph 51, including Plaintiff's characterization of the Act. The Act speaks for itself.

52. Defendant denies the allegations in Paragraph 52 of the Complaint.

53. Defendant denies the allegations in Paragraph 53 of the Complaint.

54. Defendant denies the allegations in Paragraph 54 of the Complaint.

55. Paragraph 55 contains legal conclusions to which no response is required. Otherwise, Defendant denies the allegations in Paragraph 55, including Plaintiff's characterization of the Act. The Act speaks for itself.

56.    Paragraph 56 contains legal conclusions to which no response is required.  Otherwise, Defendant denies the allegations in Paragraph 56, including Plaintiff's characterization of the Act.  The Act speaks for itself.

57.    Paragraph 57 contains legal conclusions to which no response is required.  Otherwise, Defendant denies the allegations in Paragraph 57, including Plaintiff's characterization of the Act.  The Act speaks for itself.

## CLAIMS

58.    Defendant denies the allegations in Paragraph 58 of the Complaint.

59.    Defendant denies the allegations in Paragraph 59 of the Complaint.

## COUNT I
### 42 U.S.C. § 1983
### VIOLATION OF THE FIRST AMENDMENT, AS INCORPORATED AGAINST THE STATES BY THE FOURTEENTH AMENDMENT
### (CENTRAL COVERAGE DEFINITION – MISSISSIPPI HB1126 §§ 1-8)

60.    Regarding Paragraph 60, Defendant incorporates all prior responses.

61.    Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations in Paragraph 61 of the Complaint.

62.    Defendant denies the allegations in Paragraph 62 of the Complaint.

63.    Defendant denies the allegations in Paragraph 63 of the Complaint.

64.    Defendant denies the allegations in Paragraph 64 of the Complaint.

65.    Defendant denies the allegations in Paragraph 65 of the Complaint.

66.    Defendant denies the allegations in Paragraph 66 of the Complaint.

67.    Defendant denies the allegations in Paragraph 67 of the Complaint.

68.    Defendant denies the allegations in Paragraph 68 of the Complaint.

69.     Defendant denies the allegations in Paragraph 69 of the Complaint.

70.     Defendant denies the allegations in Paragraph 70 of the Complaint.

71.     Defendant denies the allegations in Paragraph 71 of the Complaint.

72.     Defendant denies the allegations in Paragraph 72 of the Complaint.

73.     Defendant denies the allegations in Paragraph 73 of the Complaint.

74.     Defendant denies the allegations in Paragraph 74 of the Complaint.

75.     Defendant denies the allegations in Paragraph 75 of the Complaint.

76.     Defendant denies the allegations in Paragraph 76 of the Complaint.

77.     Defendant denies the allegations in Paragraph 77 of the Complaint.

78.     Defendant denies the allegations in Paragraph 78 of the Complaint.

79.     Defendant denies the allegations in Paragraph 79 of the Complaint.

80.     Defendant denies the allegations in Paragraph 80 of the Complaint.

81.     Defendant denies the allegations in Paragraph 81 of the Complaint.

82.     Defendant denies the allegations in Paragraph 82 of the Complaint.

**COUNT II**
**42 U.S.C. § 1983**
**VOID FOR VAGUENESS UNDER THE FIRST AND**
**FOURTEENTH AMENDMENTS**
**(CENTRAL COVERAGE DEFINITION – MISSISSIPPI HB1126 §§ 1-8)**

83.     Regarding Paragraph 83, Defendant incorporates all prior responses.

84.     Defendant denies the allegations in Paragraph 84 of the Complaint.

85.     Defendant denies the allegations in Paragraph 85 of the Complaint.

86.     Defendant denies the allegations in Paragraph 86 of the Complaint.

87.     Defendant denies the allegations in Paragraph 87 of the Complaint.

88.     Defendant denies the allegations in Paragraph 88 of the Complaint.

89.     Defendant denies the allegations in Paragraph 89 of the Complaint.

90.     Defendant denies the allegations in Paragraph 90 of the Complaint.

91.     Defendant denies the allegations in Paragraph 91 of the Complaint.

92.     Defendant denies the allegations in Paragraph 92 of the Complaint.

**COUNT III**
**42 U.S.C. § 1983**
**VIOLATION OF THE FIRST AMENDMENT, AS INCORPORATED AGAINST THE STATES BY THE FOURTEENTH AMENDMENT**
**(AGE VERIFICATION – MISSISSIPPI HB1126 § 4(1))**

93.     In response to Paragraph 93, Defendant incorporates all prior

responses to the allegations of the Complaint.

94.     Defendant denies the allegations in Paragraph 94 of the Complaint.

95.     Defendant denies the allegations in Paragraph 95 of the Complaint.

96.     Defendant denies the allegations in Paragraph 96 of the Complaint.

97.     Defendant denies the allegations in Paragraph 97 of the Complaint.

98.     Defendant denies the allegations in Paragraph 98 of the Complaint.

99.     Defendant denies the allegations in Paragraph 99 of the Complaint.

100.    Defendant denies the allegations in Paragraph 100 of the Complaint.

101.    Defendant denies the allegations in Paragraph 101 of the Complaint.

102.    Defendant denies the allegations in Paragraph 102.

103.    Defendant denies the allegations in Paragraph 103.

## COUNT IV
## 42 U.S.C. § 1983
## VIOLATION OF THE FIRST AMENDMENT, AS INCORPORATED AGAINST THE STATES BY THE FOURTEENTH AMENDMENT
## (PARENTAL CONSENT – MISSISSIPPI HB1126 § 4(2))

104.    Regarding Paragraph 104, Defendant incorporates all prior responses to the allegations of the Complaint.

105.    Defendant denies the allegations in Paragraph 105 of the Complaint.

106.    Defendant denies the allegations in Paragraph 106 of the Complaint.

107.    Defendant denies the allegations in Paragraph 107 of the Complaint.

108.    Defendant denies the allegations in Paragraph 108 of the Complaint.

109.    Defendant denies the allegations in Paragraph 109 of the Complaint.

110.    Defendant denies the allegations in Paragraph 110 of the Complaint.

111.    Defendant denies the allegations in Paragraph 111 of the Complaint.

112.    Defendant denies the allegations in Paragraph 112 of the Complaint.

113.    Defendant denies the allegations in Paragraph 113 of the Complaint.

114.    Defendant denies the allegations in Paragraph 114 of the Complaint.

## COUNT V
## 42 U.S.C. § 1983
## VIOLATION OF THE FIRST AMENDMENT, AS INCORPORATED AGAINST THE STATES BY THE FOURTEENTH AMENDMENT
## (MONITORING AND CENSORSHIP – MISSISSIPPI HB1126 § 6)

115.    Regarding Paragraph 115, Defendant incorporates all prior responses of the Complaint.

116.    Defendant denies the allegations in Paragraph 116 of the Complaint.

117.    Defendant denies the allegations in Paragraph 117 of the Complaint.

118. Defendant denies the allegations in Paragraph 118 of the Complaint.

119. Defendant denies the allegations in Paragraph 119 of the Complaint.

120. Defendant denies the allegations in Paragraph 120 of the Complaint.

121. Defendant denies the allegations in Paragraph 121 of the Complaint.

122. Defendant denies the allegations in Paragraph 122 of the Complaint.

123. Defendant denies the allegations in Paragraph 123 of the Complaint.

124. Defendant denies the allegations in Paragraph 124 of the Complaint.

125. Defendant denies the allegations in Paragraph 125 of the Complaint.

126. Defendant denies the allegations in Paragraph 126 of the Complaint.

127. Defendant denies the allegations in Paragraph 127 of the Complaint.

128. Defendant denies the allegations in Paragraph 128 of the Complaint.

129. Defendant denies the allegations in Paragraph 129 of the Complaint.

130. Defendant denies the allegations in Paragraph 130 of the Complaint.

131. Defendant denies the allegations in Paragraph 131 of the Complaint.

132. Defendant denies the allegations in Paragraph 132 of the Complaint.

133. Defendant denies the allegations in Paragraph 133 of the Complaint.

134. Defendant denies the allegations in Paragraph 134 of the Complaint.

135. Defendant denies the allegations in Paragraph 135 of the Complaint.

136. Defendant denies the allegations in Paragraph 136 of the Complaint.

137. Defendant denies the allegations in Paragraph 137 of the Complaint.

138. Defendant denies the allegations in Paragraph 138 of the Complaint.

139. Defendant denies the allegations in Paragraph 139 of the Complaint.

140.    Defendant denies the allegations in Paragraph 140 of the Complaint.

## COUNT VI
### 42 U.S.C. § 1983
### VIOLATION OF THE FIRST AMENDMENT, AS INCORPORATED AGAINST THE STATES BY THE FOURTEENTH AMENDMENT
### (MONITORING AND CENSORSHIP – MISSISSIPPI HB1126 § 6)

141.    Regarding Paragraph 141, Defendant incorporates all prior responses to the Complaint.

142.    Defendant denies the allegations in Paragraph 142 of the Complaint.

143.    Defendant denies the allegations in Paragraph 143 of the Complaint.

144.    Defendant denies the allegations in Paragraph 144 of the Complaint.

145.    Defendant denies the allegations in Paragraph 145 of the Complaint.

146.    Defendant denies the allegations in Paragraph 146 of the Complaint.

147.    Defendant denies the allegations in Paragraph 147 of the Complaint.

## COUNT VII
### 42 U.S.C. § 1983
### FEDERAL STATUTORY PREEMPTION UNDER 47 U.S.C § 230, 42 U.S.C. § 1983 AND *EX PARTE YOUNG* EQUITABLE CAUSE OF ACTION
### (MONITORING AND CENSORSHIP – MISSISSIPPI HB1126 § 6)

148.    Regarding Paragraph 148, Defendant incorporates all prior responses to the Complaint.

149.    Defendant denies the allegations in Paragraph 149 of the Complaint.

150.    Defendant denies the allegations in Paragraph 150 of the Complaint.

151.    Defendant denies the allegations in Paragraph 151 of the Complaint.

152.    Defendant denies the allegations in Paragraph 152 of the Complaint.

153.    Defendant denies the allegations in Paragraph 153 of the Complaint.

154. Defendant denies the allegations in Paragraph 154 of the Complaint.

155. Defendant denies the allegations in Paragraph 155 of the Complaint.

156. Defendant denies the allegations in Paragraph 156 of the Complaint.

## COUNT VIII
## EQUITABLE RELIEF

157. Regarding Paragraph 157, Defendant incorporates all prior responses to the Complaint.

158. Defendant denies the allegations in Paragraph 158 of the Complaint.

159. Defendant denies the allegations in Paragraph 159 of the Complaint.

## COUNT IX
## 42 U.S.C. § 1983 AND 28 U.S.C. § 2201
## DECLARATORY RELIEF

160. Regarding Paragraph 160, Defendant incorporates all prior responses to the Complaint.

161. Defendant denies the allegations in Paragraph 161 to the Complaint.

162. Defendant denies the allegations in Paragraph 162 to the Complaint.

163. Defendant denies the allegations in Paragraph 163 to the Complaint.

164. Defendant denies the allegations in Paragraph 164 to the Complaint.

165. Defendant denies the allegations in Paragraph 165 to the Complaint.

166. Defendant denies the allegations in Paragraph 166 to the Complaint.

167. Defendant denies the allegations in Paragraph 167 to the Complaint.

168. Defendant denies the allegations in Paragraph 168 to the Complaint.

## PRAYER FOR RELIEF

Defendant denies the allegations contained in the unnumbered paragraph and Sub-paragraphs (a) through (j) thereunder, following Paragraph 168 of Plaintiff's Complaint under the heading "PRAYER FOR RELIEF," and Defendant further denies that Plaintiff, or anyone, is entitled to a judgment, declaratory relief, injunctive relief, damages, attorneys' fees, costs, or interest, or to any sum or relief whatsoever of, from, or against Defendant herein.

## SEVENTH DEFENSE

Defendant denies each and every allegation of Plaintiff's Complaint by which Plaintiff seeks to impose liability upon Defendant and/or secure declaratory relief, injunctive relief, or other relief, and Defendant denies that she or her employees or agents have been or can be guilty of any actionable conduct in the premises.

## EIGHTH DEFENSE

Defendant invokes any and all rights and protections afforded to Defendant by any applicable privileges and/or immunities, both absolute and qualified, governmental or otherwise, not already invoked hereinabove, including but not limited to the defense of qualified immunity.

## NINTH DEFENSE

Plaintiff's Complaint fails to state any justiciable claim for declaratory relief sufficient to invoke 28 U.S.C. §§ 2201 and/or 2202.

## TENTH DEFENSE

Defendant invokes all applicable statutes of limitations and the doctrines of laches, estoppel, and waiver in bar of Plaintiff's claims.

## ELEVENTH DEFENSE

Defendant reserves the right to amend her answer and defenses to add defenses and/or institute third-party actions as additional facts are developed through discovery.  Defendant does not waive, and further reserves, any and all affirmative defenses set forth in federal or state law, as applicable, including but not limited to those set forth in Rules 8(c) and/or 12, *Federal Rules of Civil Procedure*, or any other matter constituting an avoidance or affirmative defense as discovery may reveal to be applicable.

**AND NOW**, having fully answered the Complaint filed against her herein, Defendant Lynn Fitch, in her official capacity as Attorney General of Mississippi, respectfully requests that she be dismissed with prejudice from this action with her costs assessed to Plaintiff.

**RESPECTFULLY SUBMITTED**, this the 28th day of June 2024.

**LYNN FITCH, in her official capacity as Attorney General of Mississippi,** *Defendant*

**By:     LYNN FITCH**
**Attorney General of Mississippi**

By: */s/ Claire Barker*
CLAIRE BARKER (Miss. Bar No. 101312)
WILSON D. MINOR (Miss. Bar No. 102663)

C. LEE LOTT (Miss. Bar No. 10605)
Special Assistant Attorneys General
Mississippi Attorney General Office
Civil Litigation Division
Post Office Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-6279
wilson.minor@ago.ms.gov
lee.lott@ago.ms.gov

claire.barker@ago.ms.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the above pleading or other paper with the Clerk of Court using the ECF system which sent notification to all counsel of record.

This, the 28th day of June 2024.

/s/ Claire Barker
Claire Barker