IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| NETCHOICE, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>LYNN FITCH, in her official capacity as Attorney General of Mississippi,<br><br>*Defendant*. | Civil Action No. 1:24-CV-00170-HSO-BWR |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

NetChoice respectfully submits this notice to inform this Court that the Supreme Court today decided *NetChoice, LLC v. Paxton* (No. 22-555) and *Moody v. NetChoice, LLC* (No. 22-277). As NetChoice explained in its Memorandum in Support of Motion for Preliminary Injunction and Temporary Restraining Order (ECF 4 at 7 n.7), the Supreme Court had granted certiorari to review the Fifth Circuit's decision in *NetChoice, LLC v. Paxton*, 49 F.4th 439, 455 (5th Cir. 2022).

Today the Supreme Court vacated the Fifth Circuit's judgment, remanded the case, and held that the Fifth Circuit's analysis "rest[ed] on a serious misunderstanding of First Amendment precedent and principle." *Moody v. NetChoice, LLC*, 603 U.S. ___, slip op. at 13 (U.S. July 1, 2024) (copy attached as Exhibit A). To help correct the Fifth Circuit's misunderstanding, the Court offered a detailed analysis and "three general points." *Id.* (slip op. at 17).

(1) "[T]he First Amendment offers protection when an entity engaging in expressive activity, including compiling and curating others' speech, is directed to accommodate messages it would prefer to exclude. . . . Or said just a bit differently: An entity exercising editorial discretion in the selection and presentation of content is engaged in speech activity." *Id.* (cleaned up).

(2) The First Amendment's protections do not "change[] just because a compiler includes most items and excludes just a few. . . . Indeed, that kind of focused editorial choice packs a peculiarly powerful expressive punch." *Id.* (slip op. at 18) (cleaned up).

1

(3) "[T]he government cannot get its way just by asserting an interest in improving, or better balancing, the marketplace of ideas. . . . However imperfect the private marketplace of ideas, here was a worse proposal—the government itself deciding when speech was imbalanced, and then coercing speakers to provide more of some views or less of others." *Id.* (slip op. at 18-19) (cleaned up).

Along the way, the Court noted that websites already "exclude (not to mention, label or demote) lots of content" that might be harmful or objectionable. *Id.* (slip op. at 24). "In a single quarter of 2021, Facebook removed from its News Feed more than 25 million pieces of 'hate speech content' and almost 9 million pieces of 'bullying and harassment content.' . . . Similarly, YouTube deleted in one quarter more than 6 million videos violating its Guidelines." *Id.* (slip op. at 24-25). The Court concluded that "[t]he government may not, in supposed pursuit of better expressive balance, alter a private speaker's own editorial choices about the mix of speech it wants to convey," and thus that "Texas is not likely to succeed in enforcing its law against the platforms' application of their content-moderation policies." *Id.* (slip op. at 20). So too here. This holding emphatically rejects Mississippi's contention that this case involves conduct rather than speech.

The Court's opinion also confirms that NetChoice's facial challenge is proper, and that facial relief is appropriate in this case. "The first step in the proper facial analysis is to assess the state laws' scope." *Id.* (slip op. at 10). NetChoice gave that assessment: the Act covers "websites across the Internet," Compl. ¶ 8, and "extend[s] far beyond 'social-media' to general-interest forums, niche discussion boards, and other websites such as NetChoice member Dreamwidth," Reply (ECF 27 at 7). "The next order of business is to decide which of the laws' applications violate the First Amendment, and to measure them against the rest." *Moody* (slip op. at 11). NetChoice did that too. *E.g.* Mem. (ECF 4 at 15) ("Given the volume of speech on the Internet, covered websites will be required to simply guess at Defendant's subjective determinations for potentially billions of individual pieces of speech."); *id.* (ECF 4 at 8, 9) (arguing that the Act's age-verification and parental-consent requirements "violate[] the First Amendment" wherever they occur).

Unlike *Moody*, this case does not raise the questions whether (1) websites like Uber exercise protected editorial discretion; or (2) websites engage in protected editorial discretion over services like private messaging. *See, e.g.*, *Moody* (slip op. at 10-11). On the contrary, the Act unquestionably imposes threshold burdens for users to access websites defined by their facilitation of users' speech, and it asks those websites to monitor for and censor speech—a grave First Amendment violation regardless of whether it applies to newsfeeds versus private messages.

Therefore, the Court should grant NetChoice's motion for preliminary injunction.

Dated: July 1, 2024                                     Respectfully submitted,

                                                        */s/ J. William Manuel*

Jared B Magnuson*                                       J. William Manuel (MBN 9891)
LEHOTSKY KELLER COHN LLP                                Stephen L. Thomas (MBN 8309)
3280 Peachtree Road NE                                  BRADLEY ARANT BOULT CUMMINGS LLP
Atlanta, GA 30305                                       One Jackson Place
(512) 693-8350                                          188 E. Capitol Street, Suite 1000
jared@lkcfirm.com                                       Jackson, MS 39201
                                                        Telephone: (601) 948-8000
Joshua P. Morrow*                                       Facsimile: (601) 948-3000
LEHOTSKY KELLER COHN LLP                                wmanuel@bradley.com
408 W. 11th Street, 5th Floor                           sthomas@bradley.com
Austin, TX 78701
(512) 693-8350
Fax: (512) 727-4755                                     Steven P. Lehotsky*
josh@lkcfirm.com                                        Scott A. Keller*
                                                        Jeremy Evan Maltz*
                                                        LEHOTSKY KELLER COHN LLP
                                                        200 Massachusetts Avenue, NW, Suite 700
                                                        Washington, DC 20001
                                                        (512) 693-8350
                                                        steve@lkcfirm.com
                                                        scott@lkcfirm.com
                                                        jeremy@lkcfirm.com

                                                        **admitted pro hac vice*


*Attorneys for Plaintiff NetChoice, LLC*

**Certificate of Service**

    I hereby certify that on July 1, 2024, a true and correct copy of the foregoing Notice was electronically filed with the Clerk of Court using the CM/ECF system which will send notification to all counsel of record.

                                               *s/ J. William Manuel*
                                               J. William Manuel (MBN 9891)