**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | |
|---|---|
| NETCHOICE, LLC, | |
| *Plaintiff*, | |
| v. | Civil Action No. 1:24-CV-00170-HSO-BWR |
| LYNN FITCH, in her official capacity as Attorney General of Mississippi, | |
| *Defendant*. | |

**PLAINTIFF NETCHOICE'S MOTION FOR**
**TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Last year, this Court correctly recognized the grave First Amendment flaws—on the *merits*—in Mississippi House Bill 1126 ("Act"). *See* ECF 30. This case is on remand from the Fifth Circuit to "resolve" a limited "factual inquiry" regarding the *facial-challenge* analysis. *NetChoice, L.L.C. v. Fitch*, 2025 WL 1135279, at *6 (5th Cir. Apr. 17, 2025). And Plaintiff has now added *as-applied* claims for NetChoice's regulated members, resolution of which does not require engaging in the additional facial-challenge analysis contemplated by the Fifth Circuit's opinion. *E.g.*, Am. Compl. ¶¶ 3, 86-87, 129. Under either (1) the *Moody*-informed facial challenge analysis or (2) the added as-applied claims, NetChoice is entitled to immediate relief.

Defendant can enforce the Act on May 9, 2025, upon issuance of the Fifth Circuit's appellate mandate vacating this Court's existing preliminary injunction order. NetChoice conferred with Defendant's counsel to see if Defendant would agree to temporarily stay enforcement of the Act pending additional proceedings on remand in this Court. But Defendant refused. NetChoice therefore respectfully requests a **temporary restraining order as soon as possible**. NetChoice seeks both immediate relief for its regulated members to prevent irreparable harm from Defendant enforcing this Act as soon as the Fifth Circuit's appellate mandate issues, and then preliminary

injunctive relief after full briefing and any hearing required by this Court.

As the Fifth Circuit explained, this Court "understandably," *Fitch*, 2025 WL 1135279, at *6, did not fully address the facial-challenge standard previously, because the Court's 2024 preliminary-injunction order was issued the same day that both (1) this Act was set to take effect; and (2) the Supreme Court issued its landmark decision in *Moody v. NetChoice, LLC*, 603 U.S. 707 (2024). *Moody* made broad First Amendment holdings protecting the First Amendment rights of social media websites—including those targeted by this Act. Separately, *Moody* also clarified the facial-challenge framework for First Amendment claims: "[This Court] must determine to whom the Act applies[,] the activities it regulates, and then weigh violative applications of the Act against non-violative applications." *Fitch*, 2025 WL 1135279, at *6 (explaining *Moody*).

Under that framework, Plaintiff is entitled to a temporary restraining order and preliminary injunction, as explained in the accompanying memorandum. Moreover, Plaintiff is independently entitled to this same relief under its *as-applied* claims, and this as-applied analysis does not require examining the Act's entire coverage.

On the merits, as this Court correctly concluded before, enforcement of the Act would unconstitutionally impede both adults' and minors' access to vast amounts of constitutionally protected speech on a broad range of websites. ECF 30. Nothing has changed in the past year to undermine this Court's previous merits conclusions. If anything, the grounds for this Court's decision are even stronger—as yet more federal courts have enjoined enforcement of similar laws.

In short, the First Amendment does not permit the Act's requirements for covered websites to verify the ages of their users or to secure parental consent before allowing minors to access the vast array of protected speech available on those websites. Similarly, the First Amendment and 47 U.S.C. § 230 do not allow the government to dictate what content-based and viewpoint-based

categories of users' speech websites can or cannot disseminate. The Act is also unconstitutionally vague, and sections 1-8 of the Act likewise violate both the First Amendment and the Due Process Clause of the Fourteenth Amendment.[1]

In support of this Motion, Defendant relies on: (1) a newly submitted declaration from Bartlett Cleland, General Counsel and Director of Strategic Initiatives of Plaintiff NetChoice; and (2) the previously submitted declarations from Alexandra Veitch, ECF 3-3, Gautham Pai, ECF 3-4, and Denise Paolucci, ECF 3-5.

---

[1] This lawsuit only challenges Sections 1-8 of the Act and does not challenge, or seek injunctive relief against, any other portions of the Act.

Dated: May 5, 2025

Jared B Magnuson*
LEHOTSKY KELLER COHN LLP
3280 Peachtree Road NE
Atlanta, GA 30305
(512) 693-8350
jared@lkcfirm.com

Joshua P. Morrow*
LEHOTSKY KELLER COHN LLP
408 W. 11th Street, 5th Floor
Austin, TX 78701
(512) 693-8350
josh@lkcfirm.com

Respectfully submitted,

*/s/ J. William Manuel*
J. William Manuel (MBN. 9891)
Stephen L. Thomas (MBN 8309)
BRADLEY ARANT BOULT CUMMINGS LLP
One Jackson Place
188 E. Capitol Street, Suite 1000
Jackson, MS 39201
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
wmanuel@bradley.com
sthomas@bradley.com

Steven P. Lehotsky*
Scott A. Keller*
Jeremy Evan Maltz*
LEHOTSKY KELLER COHN LLP
200 Massachusetts Avenue, NW, Suite 700
Washington, DC 20001
(512) 693-8350
steve@lkcfirm.com
scott@lkcfirm.com
jeremy@lkcfirm.com

*admitted pro hac vice*

*Attorneys for Plaintiff NetChoice, LLC*

**Certificate of Service**

I hereby certify that on May 5, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification to all counsel of record.

*/s/ J. William Manuel*
J. William Manuel (MBN. 9891)