UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**NETCHOICE, LLC**                                                        **PLAINTIFF**

**v.**                                            **No. 1:24-CV-170-HSO-BWR**

**LYNN FITCH, in her official capacity as**
**Attorney General of Mississippi**                        **DEFENDANT**

---

**MISSISSIPPI ATTORNEY GENERAL LYNN FITCH'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S AMENDED COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF**

---

COMES NOW Defendant Lynn Fitch, in her official capacity as Attorney General of Mississippi ("Defendant"), by and through counsel, files this her Answer and Defenses to the Amended Complaint for Declaratory and Injunctive Relief ("Complaint") [Dkt. #48] filed against her by Plaintiff NetChoice, LLC ("Plaintiff") herein, as follows:

### FIRST DEFENSE

Defendant alleges a lack of subject-matter jurisdiction and moves for dismissal.

### SECOND DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted, and Defendant moves for dismissal.

### THIRD DEFENSE

Plaintiff's Complaint fails to join necessary and/or indispensable parties, and Defendant moves for joinder or, alternatively, for dismissal.

### FOURTH DEFENSE

Defendant alleges a lack of standing in bar of Plaintiff's claims.

**FIFTH DEFENSE**

Defendant affirmatively pleads the doctrine of sovereign immunity and the provisions and protections of the Tenth and Eleventh Amendments to the United States Constitution, as well as any and all privileges and immunities afforded thereby, in bar of Plaintiff's claims.

**SIXTH DEFENSE**

The Court should abstain from adjudicating the dispute presented by the Complaint.

**SEVENTH DEFENSE**

AND NOW, without waiving the above and foregoing defenses, and responding to Plaintiff's Complaint paragraph by paragraph, Defendant answers and alleges as follows:

1.     Defendant denies the allegations in Paragraph 1.

2.     Defendant denies the allegations in Paragraph 2.

3.     Defendant denies the allegations in Paragraph 3.

4.     Defendant denies the allegations in Paragraph 4.

5.     Defendant denies the allegations in Paragraph 5.

6.     Defendant denies the allegations in Paragraph 6.

7.     Defendant denies the allegations in Paragraph 7.

8.     Defendant denies the allegations in Paragraph 8.

9.     Defendant denies the allegations in Paragraph 9.

10.    Defendant denies the allegations in Paragraph 10.

11.    Defendant denies the allegations in Paragraph 11.

**PARTIES & STANDING**

12.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12, and therefore denies same.

13. Defendant admits only that the Fifth Circuit's decision regarding whether NetChoice has standing to bring this action speaks for itself. The remaining allegations in Paragraph 13 are denied as stated.

14. Defendant admits only that the Fifth Circuit decision regarding whether NetChoice has standing to bring this action speaks for itself. The remaining allegations in Paragraph 14 are denied as stated.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15, and therefore denies same.

16. Defendant admits only that the Fifth Circuit's decision regarding whether NetChoice has standing to bring this action speaks for itself. The remaining allegations in Paragraph 16 are denied as stated.

17. Admitted.

## JURISDICTION & VENUE

18. Paragraph 18 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 18.

19. Admitted.

20. Admitted.

## BACKGROUND

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21, and therefore denies same.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22, and therefore denies same.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23, and therefore denies same.

24. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24, and therefore denies same.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25, and therefore denies same.

26. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26, and therefore denies same.

27. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27, and therefore denies same.

28. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28, and therefore denies same.

29. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29, and therefore denies same.

30. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30, and therefore denies same.

31. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31, and therefore denies same.

32. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32, and therefore denies same.

33. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33, and therefore denies same.

34. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34, and therefore denies same.

35. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35, and therefore denies same.

36. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36, and therefore denies same.

37.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37, and therefore denies same.

38.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38, and therefore denies same.

39.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39, and therefore denies same.

40.     Defendant admits that Plaintiff's members' websites enable harmful conduct. Otherwise, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40, and therefore denies same.

41.     Defendant denies the allegations in Paragraph 41.

42.     Defendant admits that Plaintiff's members' websites enable harmful conduct. Otherwise, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42, and therefore denies same.

## MISSISSIPPI HOUSE BILL 1126

43.     Defendant admits the allegations in Paragraph 43.

44.     Defendant admits the allegations in Paragraph 44.

45.     Paragraph 45 contains legal conclusions to which no response is required. Otherwise, Defendant denies the allegations in Paragraph 45, including Plaintiff's characterization of the Act. The Act speaks for itself.

46.     Paragraph 46 contains legal conclusions to which no response is required. Otherwise, Defendant denies the allegations in Paragraph 46, including Plaintiff's characterization of the Act. The Act speaks for itself.

47.     Paragraph 47 contains legal conclusions to which no response is required. Otherwise, Defendant denies the allegations in Paragraph 47, including Plaintiff's characterization of the Act. The Act speaks for itself.

48. Paragraph 48 contains legal conclusions to which no response is required. Otherwise, Defendant denies the allegations in Paragraph 48, including Plaintiff's characterization of the Act. The Act speaks for itself.

49. Paragraph 49 contains legal conclusions to which no response is required. Otherwise, Defendant denies the allegations in Paragraph 49, including Plaintiff's characterization of the Act. The Act speaks for itself.

50. Paragraph 50 contains legal conclusions to which no response is required. Otherwise, Defendant denies the allegations in Paragraph 50, including Plaintiff's characterization of the Act. The Act speaks for itself.

51. Paragraph 51 contains legal conclusions to which no response is required. Otherwise, Defendant denies the allegations in Paragraph 51, including Plaintiff's characterization of the Act. The Act speaks for itself.

52. Paragraph 52 contains legal conclusions to which no response is required. Otherwise, Defendant denies the allegations in Paragraph 52, including Plaintiff's characterization of the Act. The Act speaks for itself.

53. Paragraph 53 contains legal conclusions to which no response is required. Otherwise, Defendant denies the allegations in Paragraph 53, including Plaintiff's characterization of the Act. The Act speaks for itself.

54. Paragraph 54 contains legal conclusions to which no response is required. Otherwise, Defendant denies the allegations in Paragraph 54, including Plaintiff's characterization of the Act. The Act speaks for itself.

55. Paragraph 55 contains legal conclusions to which no response is required. Otherwise, Defendant denies the allegations in Paragraph 55, including Plaintiff's characterization of the Act. The Act speaks for itself.

56. Paragraph 56 contains legal conclusions to which no response is required. Otherwise, Defendant denies the allegations in Paragraph 56, including Plaintiff's characterization of the Act. The Act speaks for itself.

57. Paragraph 57 contains legal conclusions to which no response is required. Otherwise, Defendant denies the allegations in Paragraph 57, including Plaintiff's characterization of the Act. The Act speaks for itself.

58. Paragraph 58 contains legal conclusions to which no response is required. Otherwise, Defendant denies the allegations in Paragraph 58, including Plaintiff's characterization of the Act and the Fifth Circuit's decision in this case. The Act and the Fifth Circuit's decision speak for themselves.

59. Paragraph 59 contains legal conclusions to which no response is required. Otherwise, Defendant denies the allegations in Paragraph 59, including Plaintiff's characterization of the Act and the Fifth Circuit's decision in this case. The Act and the Fifth Circuit's decision speak for themselves.

60. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60, and therefore denies same.

61. Paragraph 61 contains legal conclusions to which no response is required. Otherwise, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61, and therefore denies same.

62. Paragraph 62 contains legal conclusions to which no response is required. Otherwise, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62, and therefore denies same.

63. Paragraph 63 contains legal conclusions to which no response is required. Otherwise, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63, and therefore denies same.

64. Paragraph 64 contains legal conclusions to which no response is required. Otherwise, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64, and therefore denies same.

65. Defendant denies the allegations in Paragraph 65.

66. Paragraph 66 contains legal conclusions to which no response is required. Otherwise, Defendant denies the allegations in Paragraph 66, including Plaintiff's characterization of the Act. The Act speaks for itself.

67. Paragraph 67 contains legal conclusions to which no response is required. Otherwise, Defendant denies the allegations in Paragraph 67, including Plaintiff's characterization of the Act. The Act speaks for itself.

68. Paragraph 68 contains legal conclusions to which no response is required. Otherwise, Defendant denies the allegations in Paragraph 68, including Plaintiff's characterization of the Act. The Act speaks for itself.

69. Paragraph 69 contains legal conclusions to which no response is required. Otherwise, Defendant denies the allegations in Paragraph 69, including Plaintiff's characterization of the Act. The Act speaks for itself.

70. Paragraph 70 contains legal conclusions to which no response is required. Otherwise, Defendant denies the allegations in Paragraph 70, including Plaintiff's characterization of the Act. The Act speaks for itself.

71. Paragraph 71 contains legal conclusions to which no response is required. Otherwise, Defendant denies the allegations in Paragraph 71, including Plaintiff's characterization of the Act. The Act speaks for itself.

72. Defendant denies the allegations in Paragraph 72.

73. Defendant denies the allegations in Paragraph 73.

74. Defendant denies the allegations in Paragraph 74.

75. Paragraph 75 contains legal conclusions to which no response is required. Otherwise, Defendant denies the allegations in Paragraph 75, including Plaintiff's characterization of the Act. The Act speaks for itself.

76. Defendant denies the allegations in Paragraph 76.

77.     Paragraph 77 contains legal conclusions to which no response is required. Otherwise, Defendant denies the allegations in Paragraph 77, including Plaintiff's characterization of the Act. The Act speaks for itself.

78.     Defendant denies the allegations in Paragraph 78.

79.     Paragraph 79 contains legal conclusions to which no response is required. Otherwise, Defendant denies the allegations in Paragraph 79, including Plaintiff's characterization of the Act. The Act speaks for itself.

80.     Defendant denies the allegations in Paragraph 80.

81.     Defendant denies the allegations in Paragraph 81.

82.     Defendant denies the allegations in Paragraph 82.

83.     Paragraph 83 contains legal conclusions to which no response is required. Otherwise, Defendant denies the allegations in Paragraph 83, including Plaintiff's characterization of the Act. The Act speaks for itself.

84.     Paragraph 84 contains legal conclusions to which no response is required. Otherwise, Defendant denies the allegations in Paragraph 84, including Plaintiff's characterization of the Act. The Act speaks for itself.

85.     Paragraph 85 contains legal conclusions to which no response is required. Otherwise, Defendant denies the allegations in Paragraph 85, including Plaintiff's characterization of the Act. The Act speaks for itself.

## CLAIMS

86.     Defendant denies the allegations in Paragraph 86.

87.     Defendant denies the allegations in Paragraph 87.

88.     Defendant denies the allegations in Paragraph 88.

89.     Defendant denies the allegations in Paragraph 89.

90.     Defendant denies the allegations in Paragraph 90.

91.     Defendant denies the allegations in Paragraph 91.

92.     Defendant denies the allegations in Paragraph 92.

## COUNT I
## 42 U.S.C. § 1983
## VIOLATION OF THE FIRST AMENDMENT, AS INCORPORATED AGAINST THE STATES BY THE FOURTEENTH AMENDMENT
## (ALL SPEECH REGULATIONS RELYING ON CENTRAL COVERAGE DEFINITION – MISSISSIPPI HB 1126 §§ 1-8)

93.     Regarding Paragraph 93, Defendant incorporates all prior responses.

94.     Except to state that the law, where applicable, will speak for itself, Defendant denies the allegations in Paragraph 94.

95.     Defendant denies the allegations in Paragraph 95.

96.     Defendant denies the allegations in Paragraph 96.

97.     Defendant denies the allegations in Paragraph 97.

98.     Defendant denies the allegations in Paragraph 98.

99.     Defendant denies the allegations in Paragraph 99.

100.    Defendant denies the allegations in Paragraph 100.

101.    Defendant denies the allegations in Paragraph 101.

102.    Defendant denies the allegations in Paragraph 102.

103.    Defendant denies the allegations in Paragraph 103.

104.    Defendant denies the allegations in Paragraph 104.

105.    Defendant denies the allegations in Paragraph 105.

106.    Defendant denies the allegations in Paragraph 106.

107.    Defendant denies the allegations in Paragraph 107.

108.    Defendant denies the allegations in Paragraph 108.

109.    Defendant denies the allegations in Paragraph 109.

110.    Defendant denies the allegations in Paragraph 110.

111.    Defendant denies the allegations in Paragraph 111.

112.    Defendant denies the allegations in Paragraph 112.

113. Defendant denies the allegations in Paragraph 113.

114. Defendant denies the allegations in Paragraph 114.

115. Defendant denies the allegations in Paragraph 115.

116. Defendant denies the allegations in Paragraph 116.

117. Defendant denies the allegations in Paragraph 117.

118. Defendant denies the allegations in Paragraph 118.

119. Defendant denies the allegations in Paragraph 119.

120. Defendant denies the allegations in Paragraph 120.

121. Defendant denies the allegations in Paragraph 121.

122. Defendant denies the allegations in Paragraph 122.

123. Defendant denies the allegations in Paragraph 123.

124. Defendant denies the allegations in Paragraph 124.

125. Defendant denies the allegations in Paragraph 125.

126. Defendant denies the allegations in Paragraph 126.

127. Defendant denies the allegations in Paragraph 127.

128. Defendant denies the allegations in Paragraph 128.

129. Defendant denies the allegations in Paragraph 129.

130. Defendant denies the allegations in Paragraph 130.

131. Defendant denies the allegations in Paragraph 131.

## COUNT II
### 42 U.S.C. § 1983
### VOID FOR VAGUENESS UNDER THE FIRST
### AND FOURTEENTH AMENDMENTS
### (CENTRAL COVERAGE DEFINITION – MISSISSIPPI HB 1126 §§ 1-8)

132. Regarding Paragraph 132, Defendant incorporates all prior responses.

133. Defendant denies the allegations in Paragraph 133.

134. Defendant denies the allegations in Paragraph 134.

135. Defendant denies the allegations in Paragraph 135.

136. Defendant denies the allegations in Paragraph 136.

137. Defendant denies the allegations in Paragraph 137.

138. Defendant denies the allegations in Paragraph 138.

139. Defendant denies the allegations in Paragraph 139.

140. Defendant denies the allegations in Paragraph 140.

141. Defendant denies the allegations in Paragraph 141.

**COUNT III**
**42 U.S.C. § 1983**
**VIOLATION OF THE FIRST AMENDMENT, AS INCORPORATED AGAINST**
**THE STATES BY THE FOURTEENTH AMENDMENT**
**(AGE VERIFICATION – MISSISSIPPI HB 1126 § 4(1))**

142. Regarding Paragraph 142, Defendant incorporates all prior responses.

143. Defendant denies the allegations in Paragraph 143.

144. Defendant denies the allegations in Paragraph 144.

145. Defendant denies the allegations in Paragraph 145.

146. Defendant denies the allegations in Paragraph 146.

147. Defendant denies the allegations in Paragraph 147.

148. Defendant denies the allegations in Paragraph 148.

149. Defendant denies the allegations in Paragraph 149.

150. Defendant denies the allegations in Paragraph 150.

151. Defendant denies the allegations in Paragraph 151.

152. Defendant denies the allegations in Paragraph 152.

153. Defendant denies the allegations in Paragraph 153.

154. Defendant denies the allegations in Paragraph 154.

**COUNT IV**
**42 U.S.C. § 1983**
**VIOLATION OF THE FIRST AMENDMENT, AS INCORPORATED AGAINST**
**THE STATES BY THE FOURTEENTH AMENDMENT**
**(PARENTAL CONSENT – MISSISSIPPI HB 1126 § 4(2))**

155. Regarding Paragraph 155, Defendant incorporates all prior responses.

156. Defendant denies the allegations in Paragraph 156.

157. Defendant denies the allegations in Paragraph 157.

158. Defendant denies the allegations in Paragraph 158.

159. Defendant denies the allegations in Paragraph 159.

160. Defendant denies the allegations in Paragraph 160.

161. Defendant denies the allegations in Paragraph 161.

162. Defendant denies the allegations in Paragraph 162.

163. Defendant denies the allegations in Paragraph 163.

164. Defendant denies the allegations in Paragraph 164.

165. Defendant denies the allegations in Paragraph 165.

166. Defendant denies the allegations in Paragraph 166.

## COUNT V
## 42 U.S.C. § 1983
## VIOLATION OF THE FIRST AMENDMENT, AS INCORPORATED AGAINST THE STATES BY THE FOURTEENTH AMENDMENT (MONITORING AND CENSORSHIP – MISSISSIPPI HB1126 § 6)

167. Regarding Paragraph 167, Defendant incorporates all prior responses.

168. Defendant denies the allegations in Paragraph 168.

169. Defendant denies the allegations in Paragraph 169.

170. Defendant denies the allegations in Paragraph 170.

171. Defendant denies the allegations in Paragraph 171.

172. Defendant denies the allegations in Paragraph 172.

173. Defendant denies the allegations in Paragraph 173.

174. Defendant denies the allegations in Paragraph 174.

175. Defendant denies the allegations in Paragraph 175.

176. Defendant denies the allegations in Paragraph 176.

177. Defendant denies the allegations in Paragraph 177.

178. Defendant denies the allegations in Paragraph 178.

179.   Defendant denies the allegations in Paragraph 179.

180.   Defendant denies the allegations in Paragraph 180.

181.   Defendant denies the allegations in Paragraph 181.

182.   Defendant denies the allegations in Paragraph 182.

183.   Defendant denies the allegations in Paragraph 183.

184.   Defendant denies the allegations in Paragraph 184.

185.   Defendant denies the allegations in Paragraph 185.

186.   Defendant denies the allegations in Paragraph 186.

187.   Defendant denies the allegations in Paragraph 187.

188.   Defendant denies the allegations in Paragraph 188.

189.   Defendant denies the allegations in Paragraph 189.

190.   Defendant denies the allegations in Paragraph 190.

191.   Defendant denies the allegations in Paragraph 191.

192.   Defendant denies the allegations in Paragraph 192.

193.   Defendant denies the allegations in Paragraph 193.

194.   Defendant denies the allegations in Paragraph 194.

195.   Defendant denies the allegations in Paragraph 195.

196.   Defendant denies the allegations in Paragraph 196.

197.   Defendant denies the allegations in Paragraph 197.

**COUNT VI**
**42 U.S.C. § 1983**
**VOID FOR VAGUENESS UNDER THE FIRST**
**AND FOURTEENTH AMENDMENTS**
**(MONITORING AND CENSORSHIP – MISSISSIPPI HB 1126 § 6)**

198.   Regarding Paragraph 198, Defendant incorporates all prior responses.

199.   Defendant denies the allegations in Paragraph 199.

200.   Defendant denies the allegations in Paragraph 200.

201.   Defendant denies the allegations in Paragraph 201.

202.   Defendant denies the allegations in Paragraph 202.

203.   Defendant denies the allegations in Paragraph 203.

204.   Defendant denies the allegations in Paragraph 204.

205.   Defendant denies the allegations in Paragraph 205.

## COUNT VII
## 42 U.S.C. § 1983
## FEDERAL STATUTORY PREEMPTION UNDER 47 U.S.C § 230,
## 42 U.S.C. § 1983 AND *EX PARTE YOUNG* EQUITABLE CAUSE OF ACTION
## (MONITORING AND CENSORSHIP – MISSISSIPPI HB1126 § 6)

206.   Regarding Paragraph 206, Defendant incorporates all prior responses.

207.   Defendant denies the allegations in Paragraph 207.

208.   Defendant denies the allegations in Paragraph 208.

209.   Defendant denies the allegations in Paragraph 209.

210.   Defendant denies the allegations in Paragraph 210.

211.   Defendant denies the allegations in Paragraph 211.

212.   Defendant denies the allegations in Paragraph 212.

213.   Defendant denies the allegations in Paragraph 213.

214.   Defendant denies the allegations in Paragraph 214.

215.   Defendant denies the allegations in Paragraph 215.

## COUNT VIII
## EQUITABLE RELIEF

216.   Regarding Paragraph 216, Defendant incorporates all prior responses.

217.   Defendant denies the allegations in Paragraph 217.

218.   Defendant denies the allegations in Paragraph 218.

## COUNT IX
## 42 U.S.C. § 1983 AND 28 U.S.C. § 2201
## DECLARATORY RELIEF

219.   Regarding Paragraph 219, Defendant incorporates all prior responses.

220.   Defendant denies the allegations in Paragraph 220.

221.    Defendant denies the allegations in Paragraph 221.

222.    Defendant denies the allegations in Paragraph 222.

223.    Defendant denies the allegations in Paragraph 223.

224.    Defendant denies the allegations in Paragraph 224.

225.    Defendant denies the allegations in Paragraph 225.

226.    Defendant denies the allegations in Paragraph 226.

227.    Defendant denies the allegations in Paragraph 227.

## PRAYER FOR RELIEF

Defendant denies the allegations contained in the unnumbered paragraph and Sub-paragraphs (a) through (j) thereunder, following Paragraph 227 of Plaintiff's Complaint under the heading "PRAYER FOR RELIEF," and Defendant further denies that Plaintiff, or anyone, is entitled to a judgment, declaratory relief, injunctive relief, damages, attorneys' fees, costs, or interest, or to any sum or relief whatsoever of, from, or against Defendant herein.

## EIGHTH DEFENSE

Defendant denies each and every allegation of Plaintiff's Complaint by which Plaintiff seeks to impose liability upon Defendant and/or secure declaratory relief, injunctive relief, or other relief, and Defendant denies that she or her employees or agents have been or can be guilty of any actionable conduct in the premises.

## NINTH DEFENSE

Defendant invokes any and all rights and protections afforded to Defendant by any applicable privileges and/or immunities, both absolute and qualified, governmental or otherwise, not already invoked hereinabove, including but not limited to the defense of qualified immunity.

## TENTH DEFENSE

Plaintiff's Complaint fails to state any justiciable claim for declaratory relief sufficient to invoke 28 U.S.C. §§ 2201 and/or 2202.

## ELEVENTH DEFENSE

Defendant invokes all applicable statutes of limitations and the doctrines of laches, estoppel, and waiver in bar of Plaintiff's claims.

## TWELFTH DEFENSE

Defendant reserves the right to amend her answer and defenses to add defenses and/or institute third-party actions as additional facts are developed through discovery. Defendant does not waive, and further reserves, any and all affirmative defenses set forth in federal or state law, as applicable, including but not limited to those set forth in Rules 8(c) and/or 12, *Federal Rules of Civil Procedure*, or any other matter constituting an avoidance or affirmative defense as discovery may reveal to be applicable.

**AND NOW**, having fully answered the Amended Complaint filed against her herein, Defendant Lynn Fitch, in her official capacity as Attorney General of Mississippi, respectfully requests that she be dismissed with prejudice from this action with her costs assessed to Plaintiff.

**RESPECTFULLY SUBMITTED**, this the 19th day of May, 2025.

**LYNN FITCH, in her official capacity as Attorney General of Mississippi,** *Defendant*

**By:    LYNN FITCH**
 **Attorney General**

By:    */s/ Wilson D. Minor*
WILSON D. MINOR (MSB #102663)
  Special Assistant Attorney General
Mississippi Attorney General's Office
Civil Litigation Division
P.O. Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-6279
Email: wilson.minor@ago.ms.gov


## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the above pleading or other paper with the Clerk of Court using the ECF system which sent notification to all counsel of record.

This, the 19th day of May, 2025.

*/s/Wilson D. Minor*
Wilson D. Minor