# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| NETCHOICE, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> LYNN FITCH, in her official capacity as Attorney General of Mississippi, <br><br> *Defendant*. | Civil Action No. 1:24-CV-00170-HSO-BWR |

## PLAINTIFF NETCHOICE'S NOTICE OF SUPPLEMENTAL AUTHORITY

Yet another court has enjoined enforcement of a state law impeding minors' access to online speech and social media. Yesterday, a court enjoined the Florida Attorney General's enforcement of a law that would (1) prohibit minors younger than 14 from becoming account holders on certain social media websites; and (2) require parental consent for 14- and 15-year-olds to do the same. *Comput. & Commc'n Indus. Ass'n and NetChoice v. Uthmeier*, No. 4:24-cv-00438-MW-MAF, slip op. at 4, 58 (N.D. Fla. June 3, 2025) ("*Uthmeier* Op."). The court concluded that these provisions were likely unconstitutional under the First Amendment, both facially and as applied to the plaintiffs' regulated members. *Id.* at 42, 52-53. *Uthmeier* broadly supports NetChoice's challenge here for several reasons.

*Uthmeier*'s application of the facial-challenge standard is instructive. Applying *Moody v. NetChoice*, 603 U.S. 707 (2024), the court held that "[e]ach application of the law burdens substantially more protected speech than necessary because it imposes the same sweeping burden on the rights of youth under 16 despite the availability, in each case, of substantially less burdensome alternatives." *Uthmeier* Op.53. The same is true here. ECF 50 at 21-24; ECF 56 at 1-6.

Likewise, *Uthmeier*'s analysis on the *merits* supports multiple NetChoice arguments in this case. At the outset, the court recognized that laws preventing minors' access to "social media" implicate the First Amendment's protections for access to protected speech. *Uthmeier* Op.28-33. After all, minors' First Amendment rights are important:

> Youth are people, not mere people-in-waiting or extensions of their parents. They have their own interests, ideas, and minds. Not only that, but they are citizens in training. The responsibilities and privileges of citizenship are significant, and our constitutional system is better served when its citizens build those muscles over time, beginning when they are young, rather than all at once the day they come of age.

*Id.* at 45. So *Uthmeier* rejected arguments similar to those made by Defendant here, that the law regulates only "conduct." *See* ECF 54 at 15-16. As *Uthmeier* observed, "[e]ven if it is assumed that the creation of a social media account alone is 'nonspeech' conduct, it is inextricable from the speech element combined in the same course of conduct—namely, accessing a forum for speech." *Uthmeier* Op.32 (footnote omitted). And "a compelling argument can be made that the creation of a social media account is itself expressive association." *Id.* at 32 n.18.

From there, the court held that the Florida law failed *intermediate scrutiny*, which the court concluded was the proper level of scrutiny in the context of that law. *Uthmeier* Op.40-53; *see* ECF 50 at 14-15 (explaining why Mississippi's law triggers strict scrutiny in multiple ways). The court identified multiple tailoring flaws. For instance, the court concluded that supporting the many existing private tools to help parents oversee their minor children online is a less restrictive alternative to governmental regulation. *Uthmeier* Op.49-52. So Mississippi's law necessarily fails *strict* scrutiny for similar reasons. ECF 50 at 18-20.

Accordingly, NetChoice respectfully asks that this Court grant NetChoice's Motion for Temporary Restraining Order and Preliminary Injunction, ECF 49, and enjoin Defendant from enforcing the challenged provisions of Mississippi House Bill 1126 against NetChoice's members.

| | |
|---|---|
| Dated: June 4, 2025 | Respectfully submitted, |
| | |
| | */s/ J. William Manuel* |
| Steven P. Lehotsky* | J. William Manuel (MBN. 9891) |
| Scott A. Keller* | Stephen L. Thomas (MBN 8309) |
| Jeremy Evan Maltz* | BRADLEY ARANT BOULT |
| LEHOTSKY KELLER COHN LLP |    CUMMINGS LLP |
| 200 Massachusetts Avenue, NW, Suite 700 | One Jackson Place |
| Washington, DC 20001 | 188 E. Capitol Street, Suite 1000 |
| (512) 693-8350 | Jackson, MS 39201 |
| steve@lkcfirm.com | Telephone: (601) 948-8000 |
| scott@lkcfirm.com | Facsimile: (601) 948-3000 |
| jeremy@lkcfirm.com | wmanuel@bradley.com |
| | sthomas@bradley.com |

Jared B Magnuson*
LEHOTSKY KELLER COHN LLP
3280 Peachtree Road NE
Atlanta, GA 30305
(512) 693-8350
jared@lkcfirm.com

Joshua P. Morrow*
LEHOTSKY KELLER COHN LLP
408 W. 11th Street, 5th Floor
Austin, TX 78701
(512) 693-8350
josh@lkcfirm.com

**admitted pro hac vice*

                    *Attorneys for Plaintiff NetChoice, LLC*

**Certificate of Service**

      I hereby certify that on June 4, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification to all counsel of record.

                                              */s/ J. William Manuel*
                                              J. William Manuel (MBN. 9891)