**NETCHOICE, LLC**                                        **PLAINTIFF**

**v.**                                        **No. 1:24-CV-170-HSO-BWR**

**LYNN FITCH, in her official capacity as**
**Attorney General of Mississippi**                        **DEFENDANT**

---

## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## NOTICE OF SUPPLEMENTAL AUTHORITY (DKT. 57)

---

NetChoice is fond of nonprecedential decisions from outside the Fifth Circuit. NetChoice is less fond of precedential decisions from the Fifth Circuit. When an out-of-circuit district court issues a decision that NetChoice likes, you will know it: NetChoice immediately sounds the hue and cry to whatever court it happens to be before. *E.g.*, CA5 Dkt. 96-1, 100-1 (alerting the Fifth Circuit, in this case, to district-court decisions within the Sixth and Eighth Circuits). But when the Fifth Circuit issues an on-point decision that NetChoice does not like ... silence. When the Fifth Circuit decided *NetChoice, LLC v. Paxton*, 121 F.4th 494 (5th Cir. 2024), while the appeal in this case was pending and briefed, NetChoice told the Fifth Circuit—nothing. NetChoice addressed the decision only months later and only after the State alerted the Fifth Circuit to it. CA5 Dkt. 89-1 (State letter), 91 (NetChoice Jan. 31, 2025 letter). And in its renewed preliminary-injunction brief in this Court (Dkt. 50), NetChoice never even cited *Paxton* and ignored most of *NetChoice, LLC v. Fitch*, 134 F.4th 799 (5th Cir. 2025)—even though *Fitch* is the Fifth Circuit's decision in this very case and it directs this Court to apply *Paxton*. *See* State Opp. 1-3, 11-12, 24 (Dkt. 54). There is no mystery to what NetChoice is doing: it wants this Court to disregard the precedential Fifth Circuit decisions that doom its case and to embrace nonprecedential dispositions that defy those Fifth Circuit decisions. *See id.* at 14-29.

NetChoice's latest "notice of supplemental authority" (Dkt. 57) is more of the same. In *CCIA v. Uthmeier*, No. 4:24cv438-MW/MAF (N.D. Fla. June 3, 2025), a Florida district court issued a preliminary injunction blocking a Florida law that "prohibits" certain social-media platforms from "allowing youth in Florida under age 14 to become an account holder" and from "allowing any youth in Florida aged 14 or 15 to become an account holder absent affirmative consent from a parent or guardian." Op. 4 (Dkt. 57-1). The court ruled that Florida's law does not satisfy heightened (intermediate) scrutiny because it is not narrowly tailored. Op. 42-53.

*Uthmeier* does not help NetChoice here. On its face *Uthmeier* does not comport with the Fifth Circuit's decisions in *Paxton* and *Fitch*, which require a fact-intensive, particularized assessment of a social-media law's applications throughout the First Amendment analysis. *See* State Opp. 10-12, 14-29; *compare ibid. with* Op. 25-53; *contra* Notice 1. And *Uthmeier* involved a law unlike Mississippi's. Florida's law flatly "*prohibits*" access to social-media platforms. Op. 4 (emphasis added); *see* Op. 42-53 (emphasizing the law's nature as a "ban[ ]" in addressing tailoring). Mississippi's law does not prohibit access to social-media platforms. It requires covered platforms to take only "commercially reasonable" actions to verify age, obtain parental consent, and adopt a harm-mitigation strategy. *See, e.g.*, State Opp. 4-5, 16-18. The court in *Uthmeier* also believed that Florida's law regulates speech. Op. 33; *see* Op. 28-33. Even if that were true of Florida's law, it is not true of Mississippi's. Mississippi's law regulates non-expressive conduct to address the predatory harms that proliferate on social-media platforms. State Opp. 17-20. Whatever might have been shown in *Uthmeier*, NetChoice has made no showing that Mississippi's law bars access to or burdens speech—or does anything but regulate covered platforms' conduct. *See* State Opp. 14-20; *contra* Notice 2. Like NetChoice's other nonprecedential cases, *Uthmeier* gets NetChoice nothing.

Respectfully submitted.

LYNN FITCH
  Attorney General

By: */s/ Wilson D. Minor*
SCOTT G. STEWART (MSB #106359)
  Solicitor General
WILSON D. MINOR (MSB #102663)
  Special Assistant Attorney General
Mississippi Attorney General's Office
P.O. Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-6279
Email: wilson.minor@ago.ms.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the above paper with the

Clerk of Court using the ECF system which sent notification to all counsel of record.

This, the 9th day of June, 2025.

*/s/ Wilson D. Minor*

Wilson D. Minor