UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**NETCHOICE, LLC**                                                                 **PLAINTIFF**

v.                                                                                                                     No. 1:24-CV-170-HSO-BWR

**LYNN FITCH, in her official capacity as**
Attorney General of Mississippi                                      **DEFENDANT**

---

### MEMORANDUM OF AUTHORITIES SUPPORTING DEFENDANT'S MOTION FOR A STAY PENDING APPEAL

---

The Attorney General respectfully requests that this Court issue a stay, pending resolution of the Attorney General's forthcoming appeal, of this Court's June 18, 2025 Memorandum Opinion and Order, which preliminarily enjoins the enforcement of the Walker Montgomery Protecting Children Online Act, H.B. 1126 (2024), against eight members of plaintiff NetChoice, LLC. Op. (Dkt. 59). This Court granted that injunction based on NetChoice's claims that the Act violates the First Amendment.

On appeal, the Attorney General will show that this Court's injunction cannot be squared with the Act's targeted scope, with its focus on (and regulation of) non-expressive conduct of covered online platforms, or with precedent on facial challenges. The Attorney General will also show that the harm to the State from enjoining the Act's enforcement substantially outweighs any harm to NetChoice members from complying with the Act. Therefore, the Attorney General requests that the Court stay its order pending resolution of the Attorney General's appeal to the Fifth Circuit. Given the importance of the Act and the interests at stake, the Attorney General respectfully asks this Court to rule on this stay request by July 1, 2025.

# ARGUMENT

This Court should stay its preliminary-injunction order pending resolution of the Attorney General's appeal. In considering whether to grant a stay pending appeal, courts assess: "(1) whether the applicant is likely to succeed on the merits, (2) whether [the applicant] will suffer irreparable injury without a stay, (3) whether the stay will substantially injure the other parties interested in the proceedings, and (4) where the public interest lies." *Ohio v. EPA*, 603 U.S. 279, 291 (2024). Here, each stay factor supports the requested relief.

Given the Court's familiarity with this case and because the Court rejected the Attorney General's arguments just yesterday, the Attorney General will not recite the factual background and procedural history or repeat each argument against an injunction. Instead, the Attorney General incorporates her previously filed opposition to NetChoice's renewed preliminary-injunction motion and will provide a focused discussion for why a stay is warranted. Opp'n (Dkt. 54).

## I. The Attorney General Is Likely To Succeed On Appeal.

This Court granted preliminary relief based on NetChoice's claims that the Act violates the First Amendment by impermissibly regulating protected speech. *See* Op. 13-33. The Court awarded relief to 8 NetChoice-member platforms. Op. 34-35.

On appeal, the Attorney General is likely to succeed in arguing that NetChoice failed to make the showing needed for this relief. As the Attorney General has explained, the Act—including its central age-verification, parental-consent, and strategy provisions—regulates the non-expressive conduct of covered online platforms, not the content of speech that those platforms (or others) offer. Opp'n 15-20. Each provision says what a platform "'must *do*'"—take reasonable steps to mitigate concrete harms to minors—"'not what they [or others] may or may not *say*.'" Opp'n 18 (quoting *Rumsfeld v. FAIR*, 547 U.S. 47, 60 (2006)). The Act is accordingly subject to the rational-basis standard that applies to regulations of non-expressive

conduct—a standard that each provision easily satisfies. *See* Opp'n 20-21. Even if the challenged provisions did regulate based to some extent on content—or might otherwise trigger heightened scrutiny—they would be subject at most to intermediate scrutiny and would satisfy that standard. Opp'n 21-22. The age-verification, parental-consent, and strategy provisions each promotes the State's "substantial government interest" (*Ward v. Rock Against Racism*, 491 U.S. 781, 799 (1989)) in "protecting the physical and psychological well-being of minors" from harmful online conduct commonly perpetrated through the online social-media platforms that the Act covers (*Sable Communications of California, Inc. v. FCC*, 492 U.S. 115, 126 (1989)). *See* Opp'n 21-22. And each provision will further that interest without "burden[ing] substantially more speech than is necessary." *Ward*, 491 U.S. at 799; *see* Opp'n 22. The Attorney General understands that the Court concluded that the Act regulates speech based on content, is thus subject to strict scrutiny, and does not satisfy that standard or intermediate scrutiny. Op. 14-30. For reasons given above and in her preliminary-injunction opposition, the Attorney General respectfully disagrees with those views, maintains that the Act is subject to and satisfies rational-basis review, and maintains that the Act satisfies any standard of heightened scrutiny. *See* Opp'n 14-29.

## II. The Other Factors Strongly Favor A Stay.

The remaining factors—irreparable harm and the balance of equities—strongly support a stay. Enjoining enforcement of a "duly enacted [state law] clearly inflicts irreparable harm on the State." *Abbott v. Perez*, 585 U.S. 579, 602 n.17 (2018). The harm is especially severe here because the Act serves the powerful public interest in protecting children. *Sable Communications*, 492 U.S. at 126. This Court "accept[ed]" that "safeguarding the physical and psychological wellbeing of minors online is a compelling interest." Op. 21. The injunction will hinder the State's efforts

to pursue that interest and to protect children against the "unprecedented dangers" that "[s]ocial-media platforms" present. *Moody v. NetChoice, LLC*, 603 U.S. 707, 716 (2024).

The alleged financial and other harms that NetChoice alleges from the Act's enforcement pale in comparison to the harms to the State and its citizens from the injunction. *See* Opp'n 34-35. That is especially true because NetChoice's account of the Act's harms rests on a profound misreading of the Act and its scope. *See*, *e.g.*, *ibid.* The Act addresses specific harms to minors that flow from a particular set of targeted, interactive acts perpetrated online. The Act should be fully in effect pending appeal.

## CONCLUSION

The Court should stay its order granting preliminary relief (Dkt. 59) pending resolution of the Attorney General's appeal.

Under Fed. R. App. P. 8(a), a party seeking a stay pending appeal ordinarily must first seek such relief in the district court. The Attorney General respectfully requests that the Court rule on this motion by July 1, 2025, after which the Attorney General plans to seek relief in the Fifth Circuit if this Court does not grant a stay.

Respectfully submitted.

LYNN FITCH
  Attorney General

By: */s/ Wilson D. Minor*
SCOTT G. STEWART (MSB #106359)
  Solicitor General
WILSON D. MINOR (MSB #102663)
  Special Assistant Attorney General
Mississippi Attorney General's Office
P.O. Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-6279
Email: wilson.minor@ago.ms.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the above paper with the Clerk of Court using the ECF system which sent notification to all counsel of record.

This, the 19th day of June, 2025.

*/s/ Wilson D. Minor*
Wilson D. Minor