# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **NETCHOICE, LLC** | § | **PLAINTIFF** |
| | § | |
| v. | § | Civil No. 1:24-cv-170-HSO-BWR |
| | § | |
| **LYNN FITCH,** | § | |
| *in her official capacity as* | § | |
| *Attorney General of Mississippi* | § | **DEFENDANT** |

## ORDER DENYING DEFENDANT'S MOTION [61] TO STAY

Defendant Lynn Fitch, in her official capacity as Attorney General of Mississippi ("Defendant" or "Attorney General"), seeks a stay pending appeal of the Court's June 18, 2025, Memorandum Opinion and Order [59], which preliminarily enjoined enforcement of Mississippi House Bill 1126 (2024) against eight of Plaintiff NetChoice, LLC's members. *See* Mot. [61]; Mem. [62]. The Court finds that Defendant's Motion [61] to Stay should be denied.

## I. BACKGROUND

Plaintiff NetChoice, LLC ("Plaintiff" or "NetChoice") challenges Sections 1-8 of Mississippi House Bill 1126 (2024) ("H.B. 1126" or the "Act"), which requires in part that certain digital service providers verify the age of all persons creating accounts, obtain express consent of a known minor's parent or guardian before allowing the minor to be an account holder, and "make commercially reasonable efforts to develop and implement a strategy to prevent or mitigate the known

minor's exposure to harmful material and other content that promotes or facilitates" certain harms to minors. Ex. [1-1] at 3-9 (Miss. H.B. 1126, §§ 3-4, 6).

Plaintiff is a nonprofit trade association for internet companies. Am. Compl. [48] at 5. It asserts that H.B. 1126 regulates some services offered by certain of its members, *id.*, and raises a First Amendment facial challenge to Sections 1 through 8 of the Act and a challenge to these provisions as applied to its regulated members and their services, *see id.* at 5, 23-30, 32-42 (challenging all speech regulations relying on central coverage definition (Count I), the age-verification requirement (Count III), the parental-consent requirement (Count IV), and the prevention-or-mitigation requirement (Count V)). Alternatively, the Amended Complaint [48] claims that the Act's central coverage definition of a digital service provider and its prevention-or-mitigation requirement are unconstitutionally vague and violate principles of free speech and due process. *See id.* at 30-32, 42-43 (Counts II and VI). The Amended Complaint [48] further alleges that 47 U.S.C. § 230 preempts the monitoring-and-censorship requirements in Section 6. *See id.* at 43-45 (Count VII). Plaintiff seeks to enjoin Defendant from enforcing the Act, *see id.* at 45 (Count VIII), and a declaration that each of its challenged provisions is unconstitutional, *see id.* at 45-46 (Count IX).

NetChoice filed a Motion [49] for Preliminary Injunction and Temporary Restraining Order, *see* Mot. [49]; Mem. [50], which the Attorney General opposed, *see* Resp. [54]. On June 18, 2025, the Court entered a Memorandum Opinion and Order [59] granting in part Plaintiff's Motion [49] and preliminarily enjoined the

Attorney General and her agents, employees, and all persons acting under her direction or control from enforcing H.B. 1126 as to Plaintiff's eight covered members: (1) Dreamwidth; (2) Meta, which owns and operates Facebook and Instagram; (3) Nextdoor; (4) Pinterest; (5) Reddit; (6) Snap, Inc., which owns and operates Snapchat; (7) X; and (8) YouTube. *See* Order [59] at 34-35. The Court denied as moot the Motion [49] to the extent it sought a temporary restraining order. *See id.* at 35.

The Attorney General has now appealed that Order [59] and has filed a Motion [61] to Stay, asking the Court to stay its preliminary injunction pending resolution of the appeal. *See* Mot. [61]; Mem. [62]; *see also* Reply [64]. The Attorney General argues that each pertinent factor supports the entry of a stay because she is likely to succeed on the appeal, and the balance of harms and the public interest strongly favor a stay. *See* Mem. [62] at 2-4.

NetChoice opposes the Motion [61]. *See* Resp. [63]. It argues that Defendant is unlikely to succeed on appeal, as she "does not offer any new—let alone persuasive—merits arguments," *id.* at 2, and has not explained why the Court's conclusions are incorrect "beyond briefly rehashing the arguments that this Court already rejected," *id.* at 3. NetChoice further maintains that the balance of harms and the public interest weigh against a stay, because the Act will cause its members and their users irreparable harm, *id.* at 4, and "[e]njoining enforcement of the Act's unconstitutional speech restrictions will not 'hinder' the State's—or anyone else's—ability 'to protect children,'" *id.* at 5 (quoting Mem. [62] at 3-4).

3

## II. DISCUSSION

In deciding whether to stay an order pending appeal, a court asks:

> (1) whether the applicant is likely to succeed on the merits, (2) whether it will suffer irreparable injury without a stay, (3) whether the stay will substantially injure the other parties interested in the proceedings, and (4) where the public interest lies.

*Ohio v. Env't Prot. Agency*, 603 U.S. 279, 291 (2024) (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)). "The first two factors of the traditional standard are the most critical." *Nken,* 556 U.S. at 434. And once a movant "satisfies the first two factors, the traditional stay inquiry calls for assessing the harm to the opposing party and weighing the public interest. These factors merge when the Government is the opposing party." *Id.* at 435.

The United States Supreme Court has recognized that

> [t]here is substantial overlap between these and the factors governing preliminary injunctions, not because the two are one and the same, but because similar concerns arise whenever a court order may allow or disallow anticipated action before the legality of that action has been conclusively determined.

*Id.* (citation omitted).[1]

For the same reasons it granted preliminary injunctive relief, the Court finds that the Attorney General is not likely to succeed on the merits of the appeal. *See*

---

[1] A preliminary injunction under Federal Rule of Civil Procedure 65(a) requires the moving party to show:
> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Mock v. Garland*, 75 F.4th 563, 577 (5th Cir. 2023) (quotation omitted).

4

Order [59]; *Ohio*, 603 U.S. at 291.   As for any irreparable injury to the State, "[w]hen a state is seeking to stay a preliminary injunction, it is generally enough to say that 'any time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury.'"  *United States v. Texas*, 97 F.4th 268, 295 (5th Cir. 2024) (quoting *New Motor Vehicle Bd. of California v. Orrin W. Fox Co.*, 434 U.S. 1345, 1351 (1977) (Rehnquist, J., in chambers)); *see Ohio*, 603 U.S. at 291.   But that is not dispositive, as the Court must also consider the third and fourth *Nken* factors.   *See Nken*, 556 U.S. at 435. In this case, as the Court has previously explained in more detail, *see* Order [59] at 30-31, issuance of a stay would "substantially injure the other parties interested in the proceedings*,*" *Ohio*, 603 U.S. at 291, as their "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury," *Elrod v. Burns*, 427 U.S. 347, 373 (1976).   In sum, based upon the record here, the Court finds that the factors weigh against a stay.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [61] to Stay filed on June 19, 2025, by Defendant Lynn Fitch, in her official capacity as Attorney General of Mississippi, is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 25th day of June, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE